FILED
2026 May-05  PM 06:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>WESTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 26-cr-00075-EGL-HNJ** |
| **v.** | ) | |
| | ) | |
| **FELIX SYLVESTER WILDER** | ) | |

## <u>UNOPPOSED MOTION TO AMEND INDICTMENT</u>

The United States of America (the "Government"), by and through the undersigned counsel, respectfully moves the Court to amend the Indictment in the above-referenced case to clarify that the Defendant's name is "Felix Sylvester Wilder, Jr." rather than "Felix Sylvester Wilder." *See* ECF 1 (Indictment). Counsel for the Defendant does not oppose this Motion.

As the Eleventh Circuit has explained, amendments to an indictment "that are merely a matter of form are freely permitted." *United States v. Norbergs*, 752 F. App'x 942, 943 (11th Cir. 2018) (quoting *United States v. Johnson*, 741 F.2d 1338, 1340-41). Further, "[m]atters of form include amendments to 'correct a misnomer.'" *Id.* Courts to consider the issue have held that an amendment to correct a defendant's name—including, specifically, an amendment to correct a suffix to a defendant's name—fall into this category and need not be resubmitted to the grand jury. *United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010) ("[W]e have allowed ministerial

corrections of clerical errors in names, dates, and citations, so long as the change would not deprive the defendant of notice of the charges against him."); *United States v. Mason*, 869 F.2d 414, 417 (8th Cir. 1989) (holding that amendment to defendant's middle initial was "one of form only"); *United States v. Perez*, 776 F.2d 797 (9th Cir. 1985) (explaining that amendment was proper where it "simply conformed the indictment to the accused's preferred name), *overruled on other grounds by United States v. Cabaccang*, 332 F.3d 622 (9th Cir. 2003); *United States v. Young Bros., Inc.,* 728 F.2d 682, 693 (5th Cir. 1984) (holding that "the indictment merely corrected a misnomer" where the named defendant was changed from "Young Brothers, Inc." to Young Brothers, Inc., Contractors"); *United States v. Stewart*, No. 92-5191, 1993 WL 408164, at *1 (4th Cir. 1993) (unpublished) (holding that the district court did not err when it "allowed amendment of the indictment prior to the jury's verdict so that the indictment would reflect [the defendant]'s true name"); *Kendrick v. Edmonds*, No. 21-cv-505, 2022 WL 4097341, at *4 (W.D. Va. Sept. 7, 2022) (unpublished) ("If amending the name or middle initial of a party is an acceptable amendment as a matter of form, then amending a suffix such as 'Jr.' is equally a matter of form."); *McClendon v. United States*, No. 14-cv-308, 11-cr-79, 2019 WL 13242637, at *3 (E.D. Tenn. Apr. 9, 2019) (unpublished) ("[Amendments to correct misnomers, where the identity of the

2

defendant is not in question, are appropriate amendments which do not require submission to the grand jury.").

Accordingly, the Government moves this Court to amend the Indictment to include the suffix "Jr." at the end of the Defendant's name.

Respectfully submitted,

CATHERINE L. CROSBY
Acting United States Attorney

*/s/ John B. Ward*
JOHN B. WARD
Assistant United States Attorney

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

*/s/ Sarah E. Howard*
SARAH E. HOWARD
Trial Attorney

3

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sarah E. Howard*
SARAH E. HOWARD